UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

KIMBERLY NICOLE TAYLOR, ET AL.                CIVIL ACTION

v.                                            NO. 19-12952

TRAVELERS PROPERTY CASUALTY                   SECTION "F"
INSURANCE COMPANY, ET AL.

ORDER AND REASONS

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. No memoranda in opposition to the plaintiffs' motion to remand has been submitted.

Accordingly, because the motion is unopposed, and further, it appearing to the Court that the motion has merit,[1] IT IS ORDERED:

---

[1] Ennis, Inc., Harriet Atkinson, and Travelers Property Casualty Insurance Company removed this personal injury motor vehicle accident lawsuit from Civil District Court in Orleans Parish to this Court, invoking the Court's diversity jurisdiction. The plaintiffs allege that the motor vehicle accident was caused by Harriet Atkinson, who was driving an airport shuttle, which was insured by Travelers, in the course and scope of her employment with Ennis, Inc. The plaintiffs, all Mississippi citizens, promptly move to remand due to the Louisiana citizenship of two defendants, Harriet Atkinson (served with process on September 6, 2019) and Ennis, Inc. (served with process on September 11, 2019). The defendants have not filed any papers contesting their Louisiana citizenship; in fact, they admit to their Louisiana citizenship in the Notice of Removal. Nor do the defendants suggest that either

that the plaintiffs' motion to remand is hereby GRANTED. Because 28 U.S.C. § 1441(b)(2) forbids local defendants from removing lawsuits to federal court on diversity grounds, and two of the three defendants that removed this case based on diversity jurisdiction are Louisiana citizens, the case is hereby remanded to Civil District Court for the Parish of Orleans.[2]

New Orleans, Louisiana, November 5, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

Louisiana citizen defendant was improperly joined. Accordingly, removal was improper. 28 U.S.C. § 1441(b)(2) states: "A civil action otherwise removable [on diversity grounds] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."
[2] The plaintiffs specifically disclaim their right to seek expenses and attorneys fees associated with the defendants' patently procedurally improper removal and, thus, no expenses will be awarded.

2